**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KEITH RUSSELL JUDD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  CIV-11-624-D |
| | ) |
| **OKLAHOMA STATE ELECTION** | ) |
| **BOARD, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action seeking a declaratory judgment and injunctive relief.  United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.§ 636(b)(1)(B). Contemporaneously with his complaint, Plaintiff submitted an "application for waiver of filing fees and costs."  At that time, the undersigned was not aware that the Plaintiff was a prisoner nor aware of his extensive litigation history.  Plaintiff did not use the Court's form complaint for civil rights actions filed by incarcerated persons, and did not as required by the form disclose his extensive history of filing federal actions with facts almost identical to those alleged herein, including cases in Oklahoma's other two federal judicial districts: Judd v. Oklahoma State Election Bd, No. 11-CV-331-GKF-PJC (N.D. Okla. May 31, 2011) (Frizzell, J.) (order denying motion to proceed in forma pauperis under 28 U.S.C. § 1915(g) and dismissing case without prejudice); Judd v. Oklahoma State Election Bd, No. 11-CV-183-RAW (E.D. Okla.

June 13, 2011) (White, J) (order denying waiver of fees and dismissing action with prejudice as frivolous). Thus, the undersigned found that Plaintiff was financially unable to prepay the fees and granted leave for him to proceed without prepayment of fees or costs. By virtue of a motion to dismiss filed by Defendants [Doc. No. 17] the undersigned has now become aware of Plaintiff's numerous "strikes" under 28 U.S.C. § 1915(g). Accordingly, and for the reasons stated below, the undersigned finds that the previous order granting Plaintiff's motion for leave to proceed in forma pauperis [Doc. No. 3] was improvidently granted and it is hereby **VACATED**.

By this action, Plaintiff seeks placement on Oklahoma's 2012 presidential primary ballot as a Democratic candidate for President of the United States. Complaint, 1. He also seeks a declaratory judgment that all convicted felons have the right to vote in the "Federal Presidential Primary Election...." Complaint, 1. As Defendants, he lists the Oklahoma State Election Board, the Oklahoma Secretary of State, and the State of Oklahoma.

Plaintiff claims that he is a declared Democratic candidate for President of the United States in all Presidential primary elections, and is registered with the Federal Election Commission. Complaint, 1. He claims that he has been repeatedly denied placement on the Presidential primary ballot in Oklahoma, that there are excessive fees for placement on the ballot, that the required signatures for placement on the ballot are excessive, and that decisions regarding placement on the ballot are made based on media coverage and qualification for matching funds from the Federal Election Commission. Complaint, 1-2.

As relief, Plaintiff asks for a declaration that he is entitled to placement on the

Presidential primary election ballot, requests a preliminary injunction requiring Defendants to place him on the primary election ballot, seeks a declaratory judgment that all convicted felons have the right to vote in all federal elections, and requests a preliminary injunction to compel Defendants to register all convicted felons, in and out of prison, to vote in the "2012 Presidential Primary Election or equivalent." Complaint, 2.

Defendants moved for dismissal of Plaintiff's suit on several grounds, including that Plaintiff is statutorily barred from proceeding without prepayment of the required filing fees because he has on three or more prior occasions brought an action that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Defendants' Motion to Dismiss, 4-6. This ground for dismissal is dispositive of the motion.

As correctly noted by Defendants, three districts have barred Plaintiff from filing without prepayment of the full fee under the "three strikes" provision in 28 U.S.C. § 1915(g), and Plaintiff has received sanctions or been placed under filing restrictions in at least six other courts, including the Tenth Circuit Court of Appeals and the United States Supreme Court.[1] Attachments to Motion to Dismiss, Doc. 17-1, p. 1-32. In Judd v. State Bd. of

---

[1] Judd v. Federal Election Comm'n, Civ. No. 08-1290, 2008 WL 2901643, at *2 (D.D.C. July 28, 2008) (complaint contains fantastic and delusional scenarios and is frivolous); Judd v. Federal Election Comm'n, No. 1:07cv637, 2007 WL 2900514, at *1 (E.D. Tex. Oct. 2, 2007) (recognizing dismissal of three previous lawsuits as frivolous or failing to state a claim); Judd v. United States, No. 05-726C, 2005 WL 6112661, at *4 (Fed. Cl. Dec. 9, 2005) ("in addition to Mr. Judd's habit of filing frivolous claims...the present case marks the third time he has attempted to bring to our forum matters not within the this Court's jurisdiction"); Judd v. United States Dist. Ct. for the West. Dist. of Texas, No. 99-5260, 528 U.S. 5 (1999) (because of plaintiff's abuse of certiorari and extraordinary writ process, clerk of court directed not to accept any petitions in noncriminal matters

Elections of Maryland, Civil Action No. RDB-11-1447, 2011 WL 2413513 (D. Md. June 10, 2011), the court noted that Plaintiff "is a prolific and vexatious litigant who has filed more than 748 cases in federal courts since 1997." By November of that same year, another court noted that Plaintiff had filed almost two hundred additional cases for a total of 937 since 1997. Judd v. Secretary of Nevada, No. 2:11–cv–00853–JCM–PAL, 2011 WL 6736053, at *2 (D. Nev. Nov. 4, 2011). Indeed, the United States District Court for the Northern District of Oklahoma dismissed a civil action virtually identical to the one at bar because Plaintiff failed to pay the filing fee at the time he instituted the suit– which the Court found to be necessary in light of his long history of frivolous and abusive filings in the federal courts. Judd v. Oklahoma State Election Bd, No. 11-CV-331-GKF-PJC (N.D. Okla. May 31, 2011). In another suit containing nearly identical allegations, the United States District Court for the Eastern District denied Plaintiff in forma pauperis status and dismissed his complaint with prejudice as frivolous. Judd v. Oklahoma State Election Bd., No. 11-CIV-183-RAW (E.D.

---

without paying docketing fee); Judd v. University of New Mexico, 204 F.3d 1041, 1044-45 (10th Cir. 2000) (Judd enjoined from proceeding as an appellant or petitioner pro se without first obtaining permission via a detailed petition filed with the clerk of court and forwarded to the Chief Judge); Judd v. Fox, No. 07-41035, 289 Fed. Appx. 795 (5th Cir. Aug. 19, 2008) (imposing $500 in sanctions, barring Judd from filing additional actions until sanctions fully paid, and requiring leave of court before filing any more actions); In re Judd, No. 05-8000, 2007 WL 2080459 (3rd Cir. July 20, 2007) (imposing $750 in sanctions and directing clerk in Third Circuit and clerks in all district courts in Third Circuit to refuse further filings until sanctions paid in full); Judd v. United States of America, Nos. 05-5289 & 05-5290, 2006 WL 1565084, at *1 (D.C. Cir. Feb. 14, 2006) (enjoining Judd from filing any new cases without first obtaining leave of court); Judd v. United States, No. 06-10172-PBS, 2010 WL 1904869, at *3-4 (D. Mass. May 5, 2010) (request to reopen case a continuation of abusive pleading practices, enjoining any further filings in the case); Judd v. United States Attorney General, No. 2:10-CV-00382-JAW, 2011 WL 1374034, at *4 (D. Me. Apr. 12, 2011) (placing Judd on notice that filing restrictions are in the offing due to his history of frivolous, vexatious, and jurisdictionally deficient filings).

Okla. June 13, 2011). As noted above, both suits had been filed and dismissed–one with prejudice as frivolous–at the time this case was instituted.

> Title 28 U.S.C. § 1915(g) states:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In his response to the motion to dismiss, Plaintiff claims that this provision does not apply to the present case because the suit involves voting rights rather than matters related to his status as a prisoner. Response to Motion to Dismiss, 16. However, the three strikes provision of the in forma pauperis statute requires indigent *prisoners* to prepay the entire filing fee before federal courts may consider their *civil actions* and appeals. Kinnell v. Graves, 265 F.3d 1125, 1127 (10th Cir.2001). There is no requirement that the civil action be related to a prisoner's incarceration. Indeed, the only exception to the prepayment requirement is where a prisoner who has accrued three strikes makes specific, credible allegations of imminent danger. Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1175-76 (10th Cir. 2011). This action relating to ballot placement and voting rights is clearly a civil action, and it does not implicate the one and only exception to the three strikes provision. Accordingly, Plaintiff is statutorily barred from proceeding in this action without prepayment of the full filing fee.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendants' Motion to Dismiss [Doc. No. 17] be granted, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full $350.00 filing fee within 20 days of any order adopting this Report and Recommendation. In light of this recommendation, Plaintiff's motion to strike Defendants' motion to dismiss [Doc. No. 18] is hereby DENIED as moot. As noted above, the Court's order granting leave for Plaintiff to proceed in forma pauperis [Doc. No. 3] is hereby VACATED, and it is recommend that Plaintiff's motion to proceed without prepayment of fees and costs [Doc. No. 2] be DENIED.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by April 3, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72.  Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, unless the matter is re-referred.

**ENTERED this 14th day of March, 2012.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE