IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-624-D |
| | ) | |
| OKLAHOMA STATE ELECTION BOARD, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a federal inmate appearing *pro se*, brought this action seeking a declaratory judgment and injunctive relief. Plaintiff seeks placement on Oklahoma's 2012 primary election ballot as a Democrat candidate for President of the United States. He also seeks a declaratory judgment that all convicted felons have the right to vote in federal elections, and seeks an injunction requiring Defendants to register all convicted felons so that they may vote in the 2012 presidential election. Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Doyle W. Argo for initial proceedings. Judge Argo initially granted Plaintiff's motion to appear *in forma pauperis*, and the Defendants subsequently filed a motion to dismiss [Doc. No. 17] in which they argued in part that Plaintiff is ineligible to proceed *in forma pauperis* according to 28 U. S. C. § 1915(g) because he has had more than three prior lawsuits dismissed as frivolous or for failure to state a claim. Plaintiff filed a motion to strike [Doc. No. 18] the motion to dismiss.

On March 14, 2012, the Magistrate Judge filed a Report and Recommendation [Doc. No. 24] in which he vacated his Order [Doc. No. 3] granting Plaintiff leave to proceed *in forma pauperis*, explaining in detail that Plaintiff did not state in his application seeking such status that he was an inmate, nor did Plaintiff disclose his extensive litigation history. As Judge Argo correctly noted,

Plaintiff's litigation history includes numerous prior lawsuits in multiple federal forums, and more than three prior suits have been dismissed as frivolous or for failure to state a claim.  *See* Report and Recommendation at pages 3-4.  As discussed in the Report and Recommendation, several courts, including the Tenth Circuit Court of Appeals and the United States Supreme Court, have sanctioned Plaintiff or imposed filing restrictions upon him.  *Id.* at p. 3 n. 1.  Some of those lawsuits asserted claims almost identical to those in this lawsuit.  *Id.*   As he explained in the Report and Recommendation, Judge Argo was not aware of Plaintiff's litigation history until he received Defendants' motion to dismiss.

Upon review of Plaintiff's litigation history, Judge Argo determined that Plaintiff is barred from proceeding *in forma pauperis* in this case under 28 U. S. C. § 1915(g) because he has more than three "strikes" precluding him from appearing *in forma pauperis* in this action, and he vacated his previous order allowing Plaintiff to do so. Accordingly, in the Report and Recommendation, he recommended that the motion to dismiss be granted and the action be dismissed without prejudice unless  Plaintiff  pays the full $350.00 filing fee within 20 days of any order adopting the Report and Recommendation.  He further recommended denying Plaintiff's motion to strike as moot.

In the Report and Recommendation, the Magistrate Judge advised Plaintiff of his right to file objections to the findings and conclusions set forth therein, and he scheduled an April 3, 2012 deadline for filing objections.  He further expressly advised Plaintiff that his failure to timely object to the Report and Recommendation would constitute a waiver of Plaintiff's right to appellate review of the findings and conclusions contained therein.

On April 9, 2012, Plaintiff filed a submission entitled "Game-Over Economics" [Doc. No. 25].  This consists of a discussion of Plaintiff's opinions regarding the United States economy and his beliefs regarding the cause of current economic problems and Plaintiff's recommended actions

to alleviate those problems.

The Court has reviewed the April 9, 2012 submission in detail, and it contains no objections to the findings and conclusions in the Report and Recommendation. In fact, the Report and Recommendation is not even mentioned by Plaintiff. Accordingly, it does not constitute an objection warranting this Court's *de novo* review of the Magistrate Judge's recommendation.

In any event, it is apparent to the Court that the Magistrate Judge was correct in vacating his prior Order [Doc. No. 3] granting *in forma pauperis* status to Plaintiff and recommending that Plaintiff be required to pay the filing fee in full. The Court further agrees with the Magistrate Judge's determination that the motion to dismiss [Doc. No. 17] should be granted and that Plaintiff's motion to strike [Doc. No. 18] should be denied as moot. The Court thus adopts the Report and Recommendation [Doc. No. 24] as though fully set forth herein.

Accordingly, the Order granting *in forma pauperis* status [Doc. No. 3] is VACATED, and Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 2] is DENIED. The motion to dismiss [Doc. No. 17] is granted for that reason, and Plaintiff is directed to pay in full the $350.00 filing fee no later than 20 days from the date of this Order. Plaintiff's failure to do so will result in the dismissal of this action without prejudice. Plaintiff's motion to strike [Doc. No. 18] is DENIED as moot.

IT IS SO ORDERED this 9th day of May, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE