FILED

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

AUG 23 2012

Keith Russell Judd, Plaintiff,

v.    No. 5:11-CV-624-D

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

Oklahoma State Election Board;
Secretary of State of Oklahoma;
State of Oklahoma;
Oklahoma Democratic Party, et al., Defendants.

MOTION FOR RELIEF FROM JUDGMENT OR ORDER UNDER TWENTY FOURTH AMENDMENT; AND MOTION TO AMEND FOR COURT ORDER TO REGISTER ALL CONVICTED AND INCARCERATED FELONS TO VOTE IN ALL FEDERAL ELECTIONS AND CAUCUSES AND DEMOCRATIC NATIONAL CONVENTION; AND FOR ORDER TO REMOVE BARACK OBAMA FROM STATE'S 2012 PRESIDENTIAL PRIMARY ELECTION BALLOT/CAUCUS AND AWARD ALL DELEGATES TO KEITH JUDD, DEMOCRATIC PRESIDENTIAL CANDIDATE

Plaintiff, Keith Judd, Pro Se, hereby moves this Court for Relief from the Judgment or Orders in this Case under the Twenty Fourth Amendment which provides:

"The rights of citizens of the United States to vote in any **primary** or other **election for President** or **Vice President**, for electors for **President** or **Vice President**, or for Senator or Representatives in Congress, **shall not be abridged by the United States or any state** by reason of failure to **pay any poll tax or other tax.**" See, Harman v. Forssenius, 380 U.S. 528, 540 (1965)("the Twenty Fourth Amendment nullifies sophisticated as well as simple-minded modes' of impairing the right guaranteed.").

This Constitutional right to Vote in Federal Elections includes Caucuses and the Democratic National Convention, which is the only Primary in which a Vice Presidential Candidate is Elected in the Primary, and the only Election/Caucus where the Democratic Presidential Candidate is Elected. Cancelling or Nullifying a Presidential Primary Election with a Caucus and Democratic National Convention style Caucus does not qualify as "tailoring" under Citzens United v. Federal Election Commission, 130 S.Ct. 876 (2010); United States v. Salerno, 481 U.S. 739 (1987); Stanley v. Georgia, 394 U.S. 557 (1969)("fundamental to our free society.") Article I, Section 4 of the United States Constitution provides: "The Times, Places and Manner of holding Elections for Senators and Representatives shall be prescribed in each State by the Legislature thereof;" This does not allow a State to delegate a Presidential Primary Election to a Party Caucus and Democratic National Convention. Ward v. Rock Against Racism, 491 U.S. 781 (1989) (set forth the time, place and manner or access to public forums). See also, Doe v. City of Albuquerque, 667 F.3d 1111 (10th Cir. 2012) and Tashjian v. Republican Party of Connecticut, 93 L.Ed.2d 514, 531-533 (1986)("where in fact the primary effectively controls the choice, the requirements of Article I, apply to primary as well as to general elections.").

The First Amendment protects the Right to Vote for or support a Presidential Candidate **in private**, and not in a public gathering. The First Amendment protects **the right of privacy of association and belief**. See, Davis v. Federal Election Commission, 171 L.Ed.2d 737, 754 (2008)(**"We have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment."**). The Group Dynamics naturally excludes certain groups of people, including racial minorities, and groups with non-religious or religious beliefs. See, Roberts v. United States Jaysees, 468 U.S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)(**"to compel the United States Jaysees to accept woman as regular members did not infringe on group members' freedom of intimate association or their freedom of expressive association guaranteed by the First Amendment."**). The courts have followed a few generalized guidelines that crystalized into a controvercial test in Lemon v. Kurtzman, 403 602, 29 L.Ed.2d 745, 91 S.Ct. 2105 (1971). Under this approach, the objective of the First Amendment is to assure basic government "neutrality" with respect to political and religious belief. See, Mills v. Alabama, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966)(the First Amendment protects discussions of governmental affairs, including discussions of candidates, structures and forms of government, the manner in which government is or should be operated, and all such matters relating to political processes). If the object of the law is to infringe upon or restrict practices because of their religious or political motivation, "**the law is not neutral.**" Church of Lukumi v. Hialeah, 124 L.Ed.2d 472, 490 (1993). Governments may not make adherence to religion or particular political belief relevant in any way to a person's standing in the political community. County of Allegheny v. ACLU, 492 U.S. 573, 594, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989). A Caucus as substitute for Presidential Primary or required Democratic Party approval for Primary Ballot placement is a clear violation of the First Amendment of the United States Constitution. See, Buckley v. Valeo, 424 U.S. 1, 48-49, 46 L.Ed.2d 659, 96 S.Ct. 612 (1976)(**"under the First Amendment, the government may not restrict the speech of some elements of our society in order to enhance the relative voice of others."**); Turner Broadcasting System v. FCC, 520 U.S. 180, 137 L.Ed.2d 364, 117 S.Ct. 1174 (1997) (**"must carry provisions of 47 U.S.C. § 534 and : 535 held to be consistent with First Amendment free speech guarantee**); Red Lion Broadcastin Co. v. FCC, 89 S.Ct. 1974 (1969)(the right of free speech does not embrace a right to snuff out the free speech of others). The State cannot allow the Democratic Party to restrict Presidential Candidates and prospective Voters with Caucuses and party rules for ballot placement.

## CONVICTED FELON'S RIGHT TO VOTE IN FEDERAL ELECTIONS

The most common defense is a citation of Richardson v. Ramirez, 418 U.S. 24, 56 (1974), which was an Equal Protection challenge to felon disenfranchisement in general. However, Plaintiff has not raised an Equal Protection Challenge. The Challenge is under the Tenth Amendment with regards to felons' Voting in purely **Federal Elections.** under the Tenth Amendment the State lacks reserved powers to add qualifications or to disqualify felons from Voting in purely **Federal Elections.** See, U.S. Term Limits, Inc. v. Thorton, 131 L.Ed.2d 881, 899-900 (1995)("**the state can exercise no power whatsoever, which exclusively spring out of the existence of the national government, which the constitution does not delegate to them.**"). The Federal Constitution clearly sets the qualifications for both Voters and Candidates for Federal Elections. See, Oregon v. Mitchell, 400 U.S. 112, 124, 27 L.Ed.2d 272, 281, 91 S.Ct. 160 (1970)("**it is the prerogative of Congress to over-see the conduct of presidential and vice-presidential elections, and to set the qualifications for voters for those elections.**"). The State lacks power to disqualify felons from Voting in purely Federal Elections, and since Maine, Vermont, and Puerto Rico allow felons to Vote from Prison, this is a fundamental right subject to strict scrutiny review. See, United States v. Caron, 77 F.3d 1, 2 (1st Cir. 1996)(en banc)("**convicted felon does not lose right to vote.**").

Section 2 of the Fourteenth Amendment regards apportionment of Congressional Districts for Representation in Congress, and allows the States to remove the citizenship for **rebellion or other crime**, by way of reducing the numbers for apportionment of Congressional Districts. In the context of the Civil War, the definition of "**other crime**" in Section 2 is set forth in 8 U.S.C. § 1481(a)(7), for LOSS OF NATIONALITY, listing the following crimes: TREASON, 18 U.S.C. § 2381; REBELLION OR INSURRECTION, 18 U.S.C. § 2383; SEDITIOUS CONSPIRACY, 18 U.S.C. § 2384; and ADVOCATING OVERTHROW OF GOVERNMENT, 18 U.S.C. § 2385. These are the only crimes for which Citizenship and the right to Vote may be removed. See, Afroyim v. Rusk, 387 U.S. 253, 257, 87 S.Ct. 1660, 18 L.Ed.2d 757 (1967)("**in our country the people are sovereign and the Government cannot sever its relationship to the people by taking away their citizenship.**"). The State must let felons Vote in all Federal Elections.

## PRESIDENTIAL DELEGATES FOR KEITH JUDD

Plaintiff, Keith Judd, is a registered candidate with the Federal Election Commission in the Democratic Party, September 27, 2011, FEC CANDIDATE ID NUMBER P60003530 - running against Barack Obama and others in the primaries and caucuses.

The State Democratic Party has failed and refused to submit Keith Judd's name as a Democratic Candidate for President of the United States, and the Secretary of State/Board of Elections, etc., has failed and refused to place the name of Keith Judd on the State's 2012 Presidential Primary Ballot or Caucus. However, Keith Judd did appear on the May 8, 2012, Presidential Primary Ballot in West Virginia and received over **51% percent of the actual vote** against Barack Obama. This Election is being recounted and an Election Contest has been filed. Regardless, Keith Judd did earn Delegates to the Democratic National Convention in Charlotte, North Carolina in 2012.

To date, the State Democratic Party and the Democratic National Convention has failed and refused to respond to any and all correspondence and applications submitted by Democratic Presidential Candidate, Keith Judd.

### BARACK OBAMA IS NOT A NATURAL BORN CITIZEN

With Obama's own released Long Form Birth Certificate showing his father to be a citizen of Kenya, East Africa at the time of Obama's birth that Obama is not a Natural Born Citizen of the United States of America, according to the precedent of Article II, Section I, Clause 5, of the United States Constitution and the Supreme Court in Minor v. Happersett, 88 U.S. 162, 167, 22 L.Ed. 627 (1875), confirming those born to "citizens" "within the United States" were never in doubt of being a "Natural Born Citizen." In addition, Obama's father was a ranking member of one of the aboriginal Tribes of Africa.

The first sentence of the Fourteenth Amendment concerns acquisition of citizenship regulated by Congress in exercise of its power to establish uniform rule of naturalization. Rogers v. Bellei, 401 U.S. 815, 28 L.Ed.2d 499, 91 S.Ct. 1061 (1971). The main purpose of Section 1 of the Fourteenth Amendment was to establish citizenship of the former slaves. The phrase, "subject to its jurisdiction" excludes from its operation children of ministers, counsuls, and citizens or subjects of foreign states born within the United States. Slaughter-House Cases, 83 U.S. 36, 21 L.Ed. 394 (1873); United States v. Wong Kim Ark, 169 U.S. 649, 42 L.Ed. 890, 18 S.Ct. 456 (1898). Indians born within the territorial limits of the United States, members of and owing immediate allegiance to one of the Indian Tribes, although in the geographical sense born in the United States, are not born in the United States and subject to the jurisdiction thereof, within the meaning of Section 1 of the Fourteenth Amendment. Elk v. Wilkins, 112 U.S. 94, 28 L.Ed. 643 (1894). See also, United States v. Choctaw Nation, 193 U.S. 115, 48 L.Ed. 640, 24 S.Ct. 411 (1904)( While slaves of Chichasaw Nation became free by Emancipation Proclamation and the

Thirteenth Amendment, this did not invest freedom with any right in property or to participate in affairs of their former owners.). The United States makes treaties with the Indian Tribes but does not have jurisdiction over Tribes or Tribe members, which are not born citizens of the United States. Regardless of where Barack Obama was born, he was subject to the jurisdiction of Kenya, East Africa, and his father's Tribe. Obama is not a Natural Born Citizen and must be removed from the 2012 Primary Ballot/Caucus and Democratic National Convention.

## BARACK OBAMA IS NOT A UNITED STATES CITIZEN

When Barack Obama was two years old, his parents separated and later divorced. His biological father, barack Obama Sr. returned to Kenya and was killed in an automobile accident in 1982. Obama's mother, Ann Dunham, from Witchita, Kansas, eventually married Lolo Soetoro, an Indonesian student, and eventually the family moved to Indonesia. As legal guardians, Barack Obama's parents facilitated Obama to become a citizen of Indonesia. On January 1, 1968, he entered the Roman Catholic Franciscus Assisi Primary School in Jakarta, Indonesia, registered under the name of Barry Soetoro, an Indondesian citizen. Three years later Obama enrolled in the Besuki Primary School, a government school, as Barry Soetoro, an Indonesian citizen. Since becoming of competent age, Barack Obama has never relinquished his Indonesian citizenship. As a citizen of Indonesia, Barack Obama is not a citizen of the United States, unless and until he is naturalized under Federal Law.

Since Barack Obama is not a Natural Born Citizen and not a U.S. Citizen at all, he is not eligible for the Democratic Presidential Ballot/Caucus, and must be removed. Obama is not eligible for the Democratic National Convention Nomination, or the General Election Ballot for President of the United States.

WHEREFORE, Plaintiff, Keith Judd, Pro Se, asks for relief from judgment of order under the Twenty Fourth Amendment as prohibited "other tax," and for Order to register all convicted/incarcerated felons to Vote in all 2012 Federal Elections, and to remove Barack Obama from State's 2012 Presidential Ballot/Caucus, and Award all Delegates to Keith Judd, Democratic Candidate for President of the United States, plus any other relief appropriate and just.

RESPECTFULLY SUBMITTED,

*Keith Judd*

KEITH JUDD, Plaintiff
P.O. Box 7000, #11593-051
Texarkana, Texas, 75505

PROOF OF FILING AND SERVICE
I declare under penalty of perjury that on July 28, 2012, I mailed this to:
1.) Attorney General of Oklahoma, 313 21st Street, Oklahoma City, OK, 73105;
2.) U.S. District Court, 200 N.W. 4th Street, Oklahoma City, OK, 73102-3092

FEC#C00302919, at, 1-800-424-9530   www.vote-smart.org
www.fec.gov       1-800-872-9855    www.MTV.news.com

By *Keith Judd*
Keith Judd

KEITH JUDD, #11593-051
Federal Correctional Institute, A-1
P.O. Box 7000
Texarkana, Texas, 75505

LEGAL MAIL

RECEIVED
AUG 23 2012
U.S. DIST. CT.
WEST. DIST. OF OKLA.

SHREVEPORT LA 710
PM
21 AUG
2012

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
200 N.W. 4th Street
Oklahoma City, Oklahoma, 73102-3092